## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) **TAMARA CAMERON;**            )
(2) **KAYSEE KERBO;** and          )
(3) **MICHAEL S. ABSHIRE,**        )
                                   )
    **Plaintiffs,**        )
                                   )
v.                                 )   Case No. CIV-14-553-R
                                   )
(1) **BARTEL TRUCK LINE, L.L.C.;** )
(2) and **LYNN WAYNE**             )
**UPDEGROVE,**                     )
                                   )
    **Defendants.**        )

## ORDER

Before the Court is Plaintiff Tamara Cameron's Motion to Reconsider the Court's Order of October 20, 2014. Doc. No. 54. In that Order [Doc. No. 35], the Court granted Defendants' Motion to Strike Plaintiffs' Experts, but ruled that "Plaintiffs may still have their physicians and medical care providers testify as lay witnesses, with their testimony limited to observations based on their own personal knowledge, including their treatment of Plaintiffs." Doc. No. 35, at 4. In her motion to reconsider, Plaintiff Cameron asks the Court to modify its Order to expressly permit Dr. Robert M. Tibbs, Jr., a neurosurgeon and one of Cameron's treating physicians, to testify about the cause of Cameron's injuries without filing an expert report. Defendants respond that any such testimony "would be expert testimony beyond that which was incidental to Cameron's personal care and treatment." Doc. No. 55, at 5.

Under Federal Rule of Evidence 701, a lay witness may offer an opinion that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Rule 701 'does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) (quoting *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 846 (10th Cir. 1979)).

In *Weese v. Schukman*, 98 F.3d 542, 550 (10th Cir. 1996), the Tenth Circuit held that the trial court did not err in admitting a treating physician's lay witness testimony regarding the standard of care and causation. In that medical malpractice case, "the causation question was whether Schukman's [the treating physician's] failure to provide [particular] treatment was a substantial factor in bringing about Weese's injuries." *Weese v. Schukman*, No. 91-1481-MLB, 1994 WL 326660, at *2 (D. Kan. June 23, 1994).

In contrast, in *Parker v. Cent. Kansas Med. Ctr.*, 57 F. App'x 401, 404 (10th Cir. 2003) (unpublished), the Tenth Circuit upheld the district court's decision to strike a treating physician's affidavit because in that case, "the affidavit related to the standard of care regarding *another* physician's refusal to treat and to the causation of complications allegedly resulting from delay in treatment" (emphasis added). The Court distinguished *Weese* by noting that in *Weese*, Dr. Schukman "testified as to the standard of care and causation regarding *his* treatment of the plaintiff." *Id.*

The Court finds that the proposed testimony of Dr. Tibbs is more closely aligned to the testimony excluded in *Parker*. Unlike *Weese*, Plaintiff Cameron does not seek to have Dr. Tibbs testify to any alleged injury that *he* caused. Rather, Dr. Tibbs seeks to testify regarding what other individual(s) caused Cameron's injuries. Just as the treating physician in *Parker* could not testify to the causation of plaintiff's injuries resulting from another physician's delay in treatment, Dr. Tibbs may not testify as a lay witness regarding the causation of plaintiff's injuries resulting from events outside the scope of his treatment of Plaintiff, because this testimony would be beyond his own personal observations. *See Wright v. Encore Orthopedics, Inc*, No. CIV-08-1378-C, 2010 WL 3420663, at *1 (W.D. Okla. Aug. 25, 2010) ("Opinions as to causation and/or the propriety of other physicians' actions relating to [the plaintiff's] injuries or treatment is beyond the scope of permissible treating physician testimony." (citing *Parker*, 57 F. App'x at 404)).

In accordance with the foregoing, Plaintiff Tamara Cameron's Motion to Reconsider [Doc. No. 54] is DENIED. In addition, after a hearing on this matter, the Court has continued this case and ordered the parties to submit to the Court a proposed new scheduling order and a proposed order directing Plaintiff Cameron to pay the reasonable costs that Defendants have incurred or will incur as a result of Plaintiff's failure to file a timely expert report of Dr. Tibbs.

IT IS SO ORDERED this 2nd day of December, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE