# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) **TAMARA CAMERON;** <br> (2) **KAYSEE KERBO;** and <br> (3) **MICHAEL S. ABSHIRE,** <br><br> Plaintiffs, <br><br> v. <br><br> (1) **BARTEL TRUCK LINE, L.L.C.;** <br> (2) and **LYNN WAYNE UPDEGROVE,** <br><br> Defendants. | Case No. CIV-14-553-R |

## ORDER

Before the Court is Defendants' Application for Costs. Doc. No. 60. On December 5, 2014, the Court ordered Plaintiff Tamara Cameron ("Cameron") to pay the reasonable costs that Defendants have incurred or will incur as a result of Plaintiff's failure to timely file an expert report of Dr. Tibbs. Doc. No. 59, at 1. Defendants now seek $5,752.50 in attorneys' fees. Doc. No. 60, at 3. Cameron responded in opposition to the application. Doc. No. 61. After considering arguments from all parties, the Court grants Defendants' application in part and denies it in part.

## Objections

### A. Opportunity to Respond Under Rule 37

Cameron argues that under Fed. R. Civ. P. 37, Defendants must "set out all of the reasons they believe themselves entitled to Rule 37 relief," and Cameron must be given an opportunity to respond. Doc. No. 61, at 5. In chambers, the undersigned presented

Plaintiffs' counsel with two options: summary judgment against Cameron due to her lack of expert evidence on causation, or continuing the case and ordering Cameron to pay Defendants' reasonable costs resulting from her failure to timely file an expert report. Plaintiffs' counsel chose the latter, and thus waived any objection based on an alleged lack of an opportunity to be heard on the availability of such relief.

**B. Attorneys' Fees**

Cameron contends that the Court's Order requires her to pay only costs and not attorneys' fees related to the delay of Dr. Tibbs' expert report, and Defendants have incurred no such costs. Doc. No. 61, at 1-2. If Cameron sought to have Dr. Tibbs (or any other physician) testify as to the cause of her injuries, she was required to file an expert report under Rule 26(a)(2)(B) by September 1, 2014. Order, Doc. No. 58, at 3; Scheduling Order, Doc. No. 16, at 1. Plaintiffs did not file an expert report, yet still sought to have Dr. Tibbs testify as to causation. Doc. No. 54. Under Rule 37(c)(1)(A), the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure" to "identify a witness as required by Rule 26(a)." Pursuant to Rule 37, the Court continued this case and ordered Cameron to "pay the reasonable costs that Defendants have incurred or will incur as a result of Plaintiff's failure to timely file an expert report of Dr. Tibbs." Doc. No. 59, at 1; Doc. No. 57. The Court interprets its discussion with counsel in chambers concerning this issue, as well as its Order, to include payment of attorneys' fees. *See United States v. Little*, 60 F.3d 708, 712 n.2 (10th Cir. 1995) ("The district court surely knows more about the meaning of its own orders than

we do, and we are not prepared to second guess its construction." (quoting *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 831 (10th Cir. 1990))).

### C. Calculation of Costs

Cameron next argues that she should not have to pay Defendants' counsel's full hourly rate of $225 or $250 per hour, when the insurance company for Defendants pays a discounted rate of $190 per hour. Doc. No. 61, at 2-3. Although Defendants' counsel's normal billing rates of $225 or $250 per hour may be reasonable in another case, because $190 per hour is the actual rate charged in this case, and that amount is reasonable, the Court sees no reason why Defendants should receive more in costs from Cameron than what they pay their counsel for the same work. The purpose of the provision for attorneys' fees in Rule 37(c)(1) is to sanction a party that failed to comply with Rule 26(a) or (e), not to generate a profit for the opposing party. Accordingly, Defendants will receive attorneys' fees at a rate of $190 per hour.

### D. Hours Discrepancy

Cameron alleges an inconsistency in the number of hours Defendants' counsel assert they worked as a result of the delay in Dr. Tibbs' expert report. She notes that in a letter sent to Plaintiffs' counsel one day after filing its application for costs, Tom Mullen, an attorney for Defendants, stated that he had worked 11.5 hours; but in an affidavit attached to the application submitted to the Court he stated that he had worked only 6.9 hours. Doc. No. 61, at 4, Ex. 2, at 3; Doc. No. 60, Ex. 2, at 2. This alleged inconsistency inures to Cameron's benefit; it is thus unclear why she raises this issue. Because Cameron is not prejudiced in this regard, the Court finds no merit in this objection.

### E. Scope of Hours Worked

Cameron argues that some of the work for which Defendants seek compensation is not within the scope of the Court's Order because this work was done "before Dr. Tibbs' testimony was even an issue in this case." Doc. No. 61, at 4. Tom Mullen states in his affidavit that the 24.8 hours for which Defendants seek attorneys' fees are for the following work: the motion to strike Plaintiffs' expert [Doc. No. 20 filed September 11, 2014]; Defendants' response regarding Dr. Tibbs' deposition [Doc. No. 50 filed November 24]; the motion to reconsider the Court's ruling regarding Dr. Tibbs' testimony [Doc. No. 55 filed December 1]; arguing at Docket Call on November 25 [Doc. No. 52]; the December 2 Court appearance that resulted in the continuance [Doc. No. 57]; dealing with eleven emails regarding the Order that became Doc. No. 59; Mr. Mullen's December 11 letter to Cameron's counsel outlining the hours expended [Doc. No. 60, Ex. 1]; and preparing the Application for Costs now before the Court. Doc. No. 60, Ex. 1, ¶¶ 5-6.

Cameron argues that because Dr. Tibbs did not see her until September 10, 2014, and did not sign his first report letter until September 24, Defendants cannot recover attorneys' fees for work done before those dates. Doc. No. 61, at 4. But it is precisely because Dr. Tibbs did not see Cameron until September 10 that Defendants are entitled to attorneys' fees for work done prior to these dates. Plaintiffs' final list of expert witnesses and expert reports were due by September 1, 2014. Scheduling Order, Doc. No. 16, at 1. All of the activity outlined above stems from Cameron's failure to file any expert report by that deadline, and her insistence that "[t]reating physicians and medical care providers

[like Dr. Tibbs] … may testify as experts but are not required to submit reports." Doc. No. 17, at 1. If Cameron had filed Dr. Tibbs' (or another treating physician's) expert report by the deadline in the Scheduling Order, Defendants would not have incurred the cost of attempting to prevent Cameron from calling Dr. Tibbs for the reason that his report was not timely filed, and the cost of having their counsel attend two Court appearances that resulted in the case being continued. The Court finds that all of the work for which Defendants seek compensation falls within the scope of the Court's Order.

**F. Email Exchange**

Cameron contends that awarding costs for an email exchange between counsel for the parties is inappropriate because this exchange was "necessitated by [Mr. Mullen's] continued attempts to insert language into Doc. No. 59 that was contrary to the language in the Court's foundation Order [Doc. No. 58]." Doc. No. 61, at 5. This email exchange, which no party has provided to the Court, resulted from the Court's Order directing the parties to submit a proposed order regarding payment of Defendants' costs. *See* Doc. No. 58, at 3. Mr. Mullen noted in a letter to Plaintiffs' counsel that he spent 1.2 hours dealing with this email exchange. Doc. No. 61, Ex. 2, at 3. Because ordering Defendants to provide the Court with the 11 emails and to allocate the 1.2 hours to each email would only prejudice Cameron by adding more in attorneys' fees to the amount Defendants have already requested, the Court declines to requests such emails and to analyze each one for its reasonableness.

## Conclusion

The Court has reviewed Defendants' counsel's record of hours worked [Doc. No. 61, Ex. 2, at 2-3], and finds the 24.8 hours spent as a result of Plaintiffs' failure to timely file an expert report, and the $190 per hour charged for this work [Doc. No. 60, at 2-3, Ex. 2, ¶¶ 4-6], to be reasonable. In accordance with the foregoing, Defendants' Application for Costs [Doc. No. 60] is GRANTED in part and DENIED in part. Defendants are awarded attorneys' fees in the total amount of $4,712.00, which Plaintiff Tamara Cameron shall pay Defendants within fourteen (14) days of the date of this Order.

IT IS SO ORDERED this 8th day of January, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE