# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| TAMARA CAMERON, et al., | ) |
|---|---|
| Plaintiffs, | ) |
| v. | ) Case No. CIV-14-553-R |
| BARTEL TRUCK LINE, L.L.C., et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is the First Motion in Limine of Defendants Bartel Truck Line, L.L.C. and Lynn Wayne Updegrove. Doc. No. 64. Plaintiffs responded in opposition to the motion. Doc. No. 67. On June 28, 2013, Plaintiffs and Defendant Updegrove were involved in a multi-vehicle accident in which Kaysee Kerbo ("Plaintiff") allegedly sustained injuries. Doc. No. 64, at 1. Although Plaintiff's health care providers billed the Oklahoma Health Care Authority ("OHCA"), Oklahoma's Medicaid agency,[1] $12,250.38 for her treatment, OHCA paid only $1,548.13. *Id.*, Ex. 1, at 2-3. Defendants ask the Court for an Order in limine prohibiting Plaintiff from offering evidence of the amount billed by her medical providers, as opposed to the amount OHCA actually paid. Doc. No. 64, at 1. In response, Plaintiff argues that the collateral source rule prohibits reference to any amount written off, and thus the Court should permit her to introduce evidence of the total amount billed. Doc. No. 67.

---

[1] OKLA. ADMIN. CODE § 317:30-3-24 (West).

Because this issue concerns a substantive rule of evidence about what damages are recoverable, the Court applies Oklahoma law. *See Mascenti v. Becker*, 237 F.3d 1223, 1240-41 (10th Cir. 2001). Although not mentioned by Plaintiff or Defendants, an Oklahoma statute that applies to "civil cases involving personal injury filed on or after November 1, 2011" directly answers the question before the Court: "Upon the trial of any civil case involving personal injury, the actual amounts paid for any doctor bills, hospital bills, ambulance service bills, drug bills and similar bills for expenses incurred in the treatment of the party shall be the amounts admissible at trial, not the amounts billed for expenses incurred in the treatment of the party." OKLA. STAT. ANN. tit. 12, § 3009.1 (West). Immediately after this sentence, the statute reads, "If, in addition to evidence of payment, a signed statement acknowledged by the medical provider or an authorized representative that the provider in consideration of the patient's efforts to collect the funds to pay the provider, will accept the amount paid as full payment of the obligations is also admitted." *Id.*, § 3009.1(A).

The Court reads the language concerning a signed statement of the medical provider as a condition on the exclusion of the amounts billed in favor of the amounts paid. *See* Oklahoma Bar Ass'n Legal Ethics Comm., Ethics Opinion No. 329, 2012 WL 10864720, at *1 n.2 ("The Panel noted an apparent punctuation error in the statute. It appears that the period at the end of the first sentence should probably be a comma, and the first two sentences as written actually should be one, paralleling the similar provision with regard to Medicare reimbursement rates appearing later in the statute."). That condition is satisfied in this case because, under Oklahoma law, "[b]y accepting the

OHCA's payment, the provider agrees to accept it as payment in full and, therefore, cannot retain any portion of other resource money as payment for reduced charges on covered services." OKLA. ADMIN. CODE § 317:30-3-24(3) (West). Although the provider may later receive payment from a Medicaid member or third party for any SoonerCare copayment or services that are not covered under SoonerCare, *id.*, Plaintiff gives no indication that either of these situations is present in this case.

Accordingly, Defendants' first motion in limine [Doc. No. 64] is GRANTED. Plaintiff Kerbo shall limit the medical expenses presented to the jury to the amount actually paid.

IT IS SO ORDERED this 9th day of April, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE